Adam M. Starr, CSB #246292
AdamStarr@MarkowitzHerbold.com
Ursula Lalovic, CSB #215551
UrsulaLalovic@MarkowitzHerbold.com
Joseph Levy, CSB #329318
JosephLevy@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
Facsimile: (503) 323-9105
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SPYDER GAMES LLC, a Louisiana limited liability company; and SPEEDY SIMULATOR GAMING, LLC, a Wyoming limited liability company, | Case No. 3:25-cv-09122 |
| | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| Plaintiffs, | |
| v. | **DEMAND FOR JURY TRIAL** |
| THOMAS VAN DER VOORT, an individual, | |
| Defendant. | |

Plaintiffs allege:

## NATURE OF THE CASE

1. Plaintiffs own and/or control the popular video game known as *Steal a Brainrot* on the Roblox gaming platform (the "Game").  Since its launch in May 2025, the Game has been played over 5.95 billion times, had a peak of over 20 million concurrent users (i.e., 20 million players were playing the game at the same time) and is consistently one of the top three games on Roblox by player count.

2.	Defendant has created a copy of the Game, which they call "Stealing Brainrots," and uploaded it on Fortnite Creative, Epic Games' video game platform, on July 5, 2025 (the "Infringing Game") (map code: 3225-0366-8885).

3.	Plaintiffs seek to stop defendant's unlawful conduct and recover the losses they have suffered and will continue to suffer, including any profits defendant has gained from his unlawful infringement.

## PARTIES

4.	Plaintiff Spyder Games LLC is a Louisiana limited liability company.

5.	Plaintiff Speedy Simulator Gaming LLC is a Wyoming limited liability company.

6.	Defendant Thomas van der Voort is an individual, on information and belief, located in the United Arab Emirates.

## JURISDICTION AND VENUE

7.	This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (original jurisdiction of copyright claims).

8.	The Court has personal jurisdiction over defendant because he consented in writing to jurisdiction in his DMCA counternotice.

9.	Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because this is a judicial district in which a substantial part of the events giving rise to the claims occurred, and/or in which plaintiffs' injury was suffered.

## FACTUAL ALLEGATIONS

**I.	*Steal a Brainrot* is one of the most successful games on Roblox.**

10.	Plaintiffs are video game studios that own video games that are distributed and played on Roblox. Roblox is an online platform that allows its users to play games made by other users and video game studios, like studio. The games hosted on Roblox are free to play, but generate revenue through microtransactions and in-game advertising.

11.	Plaintiffs' game, *Steal a Brainrot* was released on Roblox in May 2025. In just three months, *Steal a Brainrot* has become one of the most popular games on Roblox, with billions of player visits. *Steal a Brainrot* is like a treasure hunt in a world filled with unique

"brainrots," which are based on silly internet meme characters. The brainrots march slowly in a line down a red carpet that runs through the center of the arena of game play. Players capture the brainrots and take them to their base, which is like a mini jail on the edges of the arena, to earn virtual currency. Different brainrots have differing values, depending upon their rarity. Meanwhile, players can steal each other's brainrots from their respective bases. The virtual currency a player earns from the brainrots can be used to upgrade their bases or unlock special abilities (like grabbing brainrots or escaping thieves more easily). By way of example, below is a screenshot of the arena, with the red carpet featuring marching brainrots emerging from a doorway, and surrounded by bases:



Plaintiffs hold a U.S. copyright registration for the Game: U.S. Copyright Reg. PA0002544969 and the right to enforce the copyright.

**II.    Defendant uploads the Infringing Game on the Fortnite Creative platform.**

12.    On or about July 2025, defendant published the Infringing Game on Epic Games' "Fortnite Island Creator Program" (referred to as "Fortnite Creative"). Fortnite Creative is a platform that allows creators to upload their games to be played on the Fortnite platform. The games are free to play, but the creators receive "engagement payouts." Epic Games provides tools to creators to make games that can be played on Fortnite platform.

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

13. The Infringing Game copies the Game's protectable expressions, including user interface elements (e.g., the visual or textual contents, layout, and/or design of the menus, etc.), in-game objects, artwork, level design, animations, design aesthetics, game pieces, and the selection and coordination of game elements, colors, and shapes.

14. The similarities are not merely the result of the games existing in the same genre or dictated by function. Defendant made conscious decisions to copy the creative choices and unique designs that were implemented in the Game. The similarities between the Game and the Infringing Game are not coincidental. They are the result of willful infringement by defendant in an effort to steal the market for plaintiffs' game.

## FIRST CLAIM

### (Copyright Infringement)

15. Plaintiffs re-allege the foregoing allegations as if set forth in full.

16. The Game is an original and creative expressive work that is copyrightable under 17 U.S.C. §§ 101 et seq.

17. Defendant had access to the Game before creating and publishing the Infringing Game because the Game is publicly available on Roblox.

18. Defendant copied substantial original elements of the Game without authorization from plaintiffs and incorporated them into the Infringing Game.

19. Defendant knew that the Infringing Game infringes plaintiffs' copyrights in the Game, or acted with reckless disregard for, or willful blindness to, plaintiffs' rights.

20. As a direct and proximate result of defendant's infringement, plaintiffs have suffered, and will continue to suffer damages in an amount in excess to the jurisdictional minimums. Plaintiffs are entitled to their actual damages, and any profits of defendant attributable to the infringement.

21. Plaintiffs have no adequate remedy at law. Defendant's continued wrongful conduct will cause plaintiffs irreparable injury that cannot be adequately remedied at law unless the Court enjoins defendant from further infringement.

**JURY DEMAND**

22. Plaintiffs request a jury trial on all issues in this matter.

**PRAYER**

WHEREFORE, plaintiffs pray for judgment as follows:

A. Judgment in favor of plaintiffs and against defendant;

B. An award of actual damages to plaintiffs, including any profits of defendant attributable to the infringement;

C. Punitive damages;

D. Pre-judgment and post-judgment interest;

E. Attorney fees;

F. A preliminary and/or permanent injunction restraining defendant and his agents and affiliates, and anyone acting in concert with him, from directly or indirectly violating plaintiffs' rights under the Copyright Act; and

G. Any further relief in law or equity that plaintiffs are entitled to or which the Court deems appropriate.

DATED: October 23, 2025.    MARKOWITZ HERBOLD PC

*s/ Adam M. Starr*
Adam M. Starr, CSB #246292
AdamStarr@MarkowitzHerbold.com
Ursula Lalovic, CSB #215551
UrsulaLalovic@MarkowitzHerbold.com
Joseph Levy, CSB #329318
JosephLevy@MarkowitzHerbold.com
*Attorneys for Plaintiff*